## Pickering Hunt v. Schubert

*Ewing & Ewing,* for plaintiff.
*W. Edward Greenwood,* for defendants.

, ADJUDICATION

RILEY, J., July 12, 1963.—Plaintiff, Pickering Hunt, has filed a complaint in which it alleges that it is a corporation of the first class chartered by the Court of Common Pleas of Chester County in 1910, and that defendant, Fred C. Schubert, as owner and developer, and defendant, Russell Barr, as his sales agent, have used and applied the name "Pickering Hunt Estates" to a housing development upon a tract of ground owned by Schubert in the area of plaintiff's location to the confusion of the public, embarrassment of its officers and members, and with the effect of deceiving the public into the belief that plaintiff has some interest in such development. Plaintiff seeks an injunction to prohibit defendant from continued use of the name "Pickering Hunt," or otherwise representing or inferring any interest of plaintiff or its members in the development or in any manner associated with defendants. Defendant has filed answer in which the use of the name "Pickering Hunt Estates" is freely admitted, but denies any impropriety in such use or any deception or harm. The issue raised by the pleadings is simply whether the use of the name "Pickering Hunt" as employed by defendants is so deceptive and harmful to plaintiff as to warrant injunctive relief. . . .

We need not burden our decision with detailed or lengthy analysis of the right of an eleemosynary corporation to the protection of its name, reputation and good will from infringement, as the principles applicable to the subject in this jurisdiction have been thoroughly discussed and succinctly enunciated in Golden Slipper Square Club v. Golden Slipper Restaurant Inc., 371 Pa. 92. After a thorough review of precedents, Chief Justice Bell, then Justice Bell, set forth the criteria at pages 97-98:

"To warrant injunctive relief in behalf of a non-profit corporation in a case involving allegedly unfair competition or legally fraudulent practices, it is sufficient if it proves that its name or identity has been endangered or lost, or that its standing or reputation has been or is reasonably likely to be damaged, or that there is an actual or a reasonable likelihood of loss of membership or of contributions or of its ability to raise funds or, that actual damages or substantial injury have actually been sustained or are reasonably likely to result from the unfair or fraudulent conduct of the defendant."

Although there is no infringement in the way of business competition, as plaintiff is not engaged in a commercial enterprise, nevertheless the law clearly recognizes its right to preserve its good name, identity and reputation.

There is no doubt that plaintiff has been in existence and active over many years and has established a respectable standing and reputation in the community. The name "Pickering Hunt" is ascribed and applicable in the area to only one entity, namely the plaintiff. Defendants, and primarily defendant Fred V. Schubert, now seek to have that identity diversified and to reflect the good name and reputation of plaintiff built up in the community over many years to the benefit of his commercial enterprise. Although espousing innocence of intent, we cannot accept Schubert's assertion that the combination of the words "Pickering" and "Hunt" was mere coincidence nor do we deem his intent material to the issue. The fact is that his use of that combination of words does and is likely to confuse the public and, in fact, does impair the identity of plaintiff by creating inferences of commercial and wholly alien activities under its name. In addition to impairment of identity, the use of the name as applied to a housing development is reasonably likely

to impair the reputation and high standing of plaintiff in the community through obvious and necessary confusion. Perhaps an eminently successful development of exceptional character might not so result, but plaintiff should not be compelled to submit to the risks of the outcome or character of the enterprise usurping its name and identity. The fact remains that the name as used by defendant is deceptive, confusing and reasonably likely to harm the identity, character and reputation of plaintiff and its members.

As we have found, the name of "Pickering" alone is geographical in character and so known in the community. As such, plaintiff could have no legitimate objection to its use. However, combined with the word "Hunt," the geographical character is lost and plaintiff alone becomes identified. With that combination of names, plaintiff asserts its objection and we conclude with full right.

## Decree Nisi

Wherefore decree nisi is entered July 12, 1963, whereby defendant Fred C. Schubert, and defendant, Russell Barr, are hereby enjoined and restrained from further use or the permitting of the use of the name "Pickering Hunt" as "Pickering Hunt Estates" or otherwise as applicable to the development of the tract of land of defendants, Fred C. Schubert, in West Pikeland Township, Chester County, or in any other township wherein plaintiff is located or its activities normally and usually are conducted, and said defendants are ordered to cease and desist all use of the combination of the words "Pickering Hunt" in all advertisements, whether in newspapers, brochures, by radio or any other media or communication as applicable to the aforesaid development or any other commercial enterprise in which said defendant or either of them may be interested or engaged.

Unless exceptions are filed to said decree nisi within 20 days of the notice of the filing of this adjudication, said decree shall be entered as a final decree.